Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

# MEMORANDUM OPINION

No. 04-09-00380-CR

**IN RE** Robert **MARTINEZ**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
             Phylis J. Speedlin, Justice
             Steven C. Hilbig, Justice

Delivered and Filed:   July 15, 2009

PETITION FOR WRIT OF MANDAMUS DISMISSED FOR LACK OF JURISDICTION

On June 25, 2009, relator Robert Martinez filed a petition for writ of mandamus, seeking to compel the District Clerk of Bexar County to transmit "a copy of the application of writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals." We conclude this court does not have jurisdiction to grant the requested relief.

By statute, this court has the authority to issue a writ of mandamus against "a judge of a district or county court in the court of appeals district" and other writs as necessary to enforce our

---

[1] This proceeding arises out of Cause No. 2007-CR-10817, styled *State of Texas v. Robert Martinez*, in the 175th Judicial District Court, Bexar County, Texas, the Honorable Mary Roman presiding.

appellate jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a)-(b) (Vernon 2004). Therefore, we have no mandamus jurisdiction over a district clerk unless the issuance of the writ is necessary to enforce our jurisdiction. *In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding). Relators have failed to establish the writ they are requesting is necessary to enforce our jurisdiction.

To the contrary, only the Court of Criminal Appeals has jurisdiction in final post-conviction habeas corpus proceedings. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. 1991); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2008); *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (holding that "Article 11.07 provides the exclusive means to challenge a final felony conviction."). If relator has filed a writ of habeas corpus pursuant to article 11.07 of the Code of Criminal Procedure, original mandamus jurisdiction lies with the Court of Criminal Appeals. *See Martin v. Hamlin*, 25 S.W.3d 718, 719 (Tex. Crim. App. 2000) (writ of mandamus conditionally granted to direct the respondent, the district clerk, to forward the post-conviction writ to the Court of Criminal Appeals.).

Accordingly, relator's petition for writ of mandamus is dismissed for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH